**Vera ELLEN; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–75485.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2009.*

Filed June 5, 2009.

David M. Haghighi, Esq., VHF Law Group, LLP, Ebby S. Bakhtiar, Esq., Livingston & Bakhtiar, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before: RYMER and GRABER, Circuit Judges, and ALDRICH,** District Judge.

MEMORANDUM ***

Petitioners Vera Ellen, Roy Simajintock, Rebecca Lydia, and Renaldo Steven seek review of the Board of Immigration Appeals' ("BIA") decision denying them asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158, withholding of removal under section 241 of the Act, 8 U.S.C. § 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), *opened for signature* Feb. 4, 1985, S. Treaty Doc. No. 100–20, at 20 (1988). We deny the petition.

Because the BIA agreed with the findings and conclusions of the immigration judge ("IJ") and added its own reasons, we review both decisions. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence the determination that a petitioner is not eligible for asylum and other related relief. *Id.* "To prevail, the applicant must show that the evidence not only supports, but compels the conclusion that the asylum decision was incorrect." *Id.* Because the IJ found Petitioners credible, their testimony must be taken as true. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009).

The events that Petitioners experienced are more akin to harassment and discrimination than persecution. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1041 (9th Cir. 2005) (labeling "anti-Semitic profanities scribbled on the walls of [the petitioner's] apartment entryway, human feces smeared on her mailbox, fires set in her mailbox, and repeated slashings of her front door"

as harassment and discrimination, rather than persecution). The anonymous, vague threats that Petitioners received do not meet the "extreme concept" of persecution. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)). Moreover, the facts (1) that Petitioners vacationed in Singapore but chose to return to Indonesia and (2) that Petitioners' relatives remain safely in Indonesia undercut Petitioners' argument that they have a well-founded fear of persecution if they were to return to their home country.

Because Petitioners have not met the standard for asylum relief, they cannot meet the higher standard for withholding of removal. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir.2006). Finally, Petitioners did not address the denial of their request for relief under CAT in their opening brief, thereby waiving the issue. *Soto–Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir.2009) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999)).

Petition DENIED.

** The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.